IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DANNY RAY PIRTLE, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 119-112 |
| | ) |
| ANDREW M. SAUL, Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff appeals the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.   BACKGROUND**

Plaintiff applied for DIB on June 14, 2016, alleging a disability onset date of July 21, 2014. Tr. ("R."), pp. 218-21. Plaintiff was thirty-two years old on his alleged disability onset date, and thirty-six years old at the time the Administrative Law Judge ("ALJ") issued the decision under consideration. R. 27, 218. Plaintiff alleged disability based on the following conditions: right and left knee chondromalacia, adjustment disorder, anxiety, depression, and

left shoulder strain.  R. 243.  Plaintiff completed two years of college, (R. 41, 244), and prior to his alleged disability date had accrued a work history as a server and kitchen staff at restaurants and served almost seven years in the army, including a one-year stint in the Middle East.  R. 25, 42, 44-46, 50, 244.

The Social Security Administration denied Plaintiff's application initially and on reconsideration.  R. 15, 127-37.  Plaintiff requested a hearing before an ALJ, (R. 138-42), and the ALJ held a hearing on April 11, 2018.  R. 37-90.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Jacqueline Kennedy-Merritt, a Vocational Expert ("VE").  Id.  On September 12, 2018, the ALJ issued an unfavorable decision.  R. 12-31.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since July 21, 2014, the alleged onset date (20 C.F.R. § 404.1571 et seq.).[1]

2. The claimant has the following severe impairments:  minimal spurring of the bilateral knees, a left shoulder disorder, major depressive disorder, post-traumatic stress disorder (PTSD), and adjustment disorder, attention deficit hyperactivity disorder (ADHD), an anxiety disorder, obstructive sleep apnea, and obesity (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) in that he can lift, carry, push, and pull up to twenty pounds occasionally and ten pounds frequently; stand and/or walk for about six hours in a workday; and sit for about six hours

---

[1] Plaintiff met the insured status requirement of the Social Security Act through December 31, 2019.  R. 17, 239.

2

      in a workday.[2]  He can frequently balance, stoop, and crouch, and occasionally kneel and climb stairs and ramps, but never crawl or climb ladders, ropes, and scaffolds.  He can frequently reach bilaterally in all directions, including overhead, finger, feel, and handle bilaterally.  He has no limits in hearing, speaking, or seeing.  He must avoid concentrated exposure to dust, fumes, gases, odors, smoke, irritating inhalants, areas of poor ventilation, vibrations and extremes of heat and cold.  He can frequently use his hands and occasionally use his feet for the operation of controls.  He can work at heights and near bodies of water when protected from falls.  He must avoid working with or near dangerous and moving types of equipment or machinery, to include dangerous moving types of parts.  Due to his mental impairments, he is further restricted to simple, routine, repetitive job tasks.  He is able to understand, remember, and carry out job instructions related to such tasks and can accept occasional supervision.  He can occasionally interact with co-workers and have only casual, non-work related interaction with the general public.  He can work only with objects and not with the public.  He can perform no work in a team or group type of employment.  While performing simple, routine, and repetitive tasks, he can maintain attention, concentration, and pace if allowed scheduled work breaks of fifteen minutes in the first half of the workday, fifteen minutes in the second half of the workday, and thirty minutes at midday.  He can be punctual and work within a set schedule, requires no special supervision to complete work assignments, and can make work-related decisions regarding simple, routine, and repetitive job assignments.  He can adapt to changes in job duties and work assignments if the changes are infrequent and gradually introduced.  He should not engage in fast-paced factory production line assembly type work.  The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including stock checker marker, stock checker, and

---

[2]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

> router (20 C.F.R. §§ 404.1569 and 404.1569a). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from July 14, 2014, through the date of the ALJ's decision, September 12, 2018 (20 C.F.R. § 404.1520(g)).

R. 17-27.

When the Appeals Council ("AC") denied Plaintiff's request for review of the ALJ's decision, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues (1) the ALJ erred in finding Plaintiff could frequently reach bilaterally in all directions, including overhead, finger, feel, and handle bilaterally, and (2) the AC erred in not reversing and/or remanding the case upon submission of new evidence showing an increase in Plaintiff's VA disability rating for PTSD from ten percent to seventy percent. See doc. no. 6 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 7 ("Comm'r's Br.").

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole

record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

The case should be remanded for further consideration of all the evidence of record, including a VA disability rating increase for the time period at issue from ten to seventy percent

for adjustment disorder with anxiety and depressed mood, also claimed as PTSD and anger issues. See R. 32-35. The increased VA disability rating was not before the ALJ, but was timely submitted to the AC, which acknowledged receipt of the evidence but stated only: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." R. 5. The Order of the AC does not indicate the increased VA rating was made a part of the record, (R. 4-5 (listing only two exhibits to be made part of the record)), but the document does appear in the record before the Court. R. 32-36. Plaintiff's brief invited Defendant to explain the meaning of "not exhibit[ing] this evidence," (Pl.'s Br., p. 8 n.7), but no explanation was forthcoming. See generally Comm'r's Br.

Evidence submitted to the AC is part of the administrative record and must be considered in conjunction with the entirety of the record to determine whether substantial evidence supports the ALJ's decision. Ingram v. Comm'r of Soc. Sec. Admin, 496 F.3d 1253, 1266-67 (11th Cir. 2007). Moreover, "[w]ith a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process," including when asking the AC to review the ALJ's decision. Id. at 1261. Although the AC may exercise its discretion not to review the ALJ's decision, the AC "must consider new, material, and chronologically relevant evidence" submitted by a claimant. Id.; see also 20 C.F.R. § 404.970. If the AC considers a claimant's new evidence, but declines to review the ALJ's decision, then the Court must determine whether the denial of benefits is erroneous in light of the new evidence. Ingram, 496 F.3d at 1263, 1266-67; see also Levie v. Comm'r of Soc. Sec., 514 F. App'x 829, 832 (11th Cir. 2013) (*per curiam*) (citing Ingram, 496 F.3d at 1262); Kalishek v. Comm'r of Soc. Sec., 470 F. App'x 868, 869 (11th Cir. 2012) (*per curiam*) (same).

As an initial matter, the record is not entirely clear what the AC did with the new VA rating. It is clear the AC received the evidence, but it is not listed as an Exhibit in the AC's Order. R. 4-5. There is no explanation as to why the AC refused to "exhibit" the VA rating, but otherwise determined it did "not show a reasonable probability that it would change the outcome of the decision." R. 2. The Commissioner does not give an explanation, and instead restates the general proposition the AC "is not required to explain its reasons for denying a request for review" based on new evidence. Comm'r's Br., p. 9 (citing Jones v. Comm'r of Soc. Sec., 603 F. App'x 813, 817 (11th Cir. 2015) (*per curiam*)). However, in light of the Commissioner's reliance on case law regarding review standards for when the AC does consider new evidence, the Court presumes the AC accepted the new VA rating for consideration, compared it to the record evidence before the ALJ, and decided it made no difference to the disability determination. See Ingram, 496 F.3d at 1261 ("The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" (citations omitted)).

As explained above, because the AC considered the new evidence but denied review, the Court must determine whether the new VA rating renders the denial of benefits erroneous. See Ingram, 496 F.3d at 1263, 1266-67; Levie, 514 F. App'x at 832; Kalishek, 470 F. at 869. Thus, the additional evidence must be viewed in light of the findings relied upon by the ALJ to determine Plaintiff was not disabled. Specific to Plaintiff's mental impairments, the ALJ determined Plaintiff's major depressive disorder, PTSD, adjustment disorder, ADHD, and an anxiety disorder were severe impairments. R. 17. The ALJ also determined Plaintiff had only mild limitations in understanding, remembering, or applying information, as well as with

7

regard to concentrating, persisting, or maintaining pace.  R. 18.  Moderate limitations were found by the ALJ as to Plaintiff's ability to interact with others and for adapting and managing himself.  R. 18-19.

When discussing the consultative psychological examination by Edwin V. Sperr, Ph.D, conducted on October 14, 2016, the ALJ noted, *inter alia*, the diagnoses of major depressive disorder and PTSD, but only gave "some weight" to Dr. Sperr's findings, specifically giving less weight to his work limitations.  R. 22, 24.  Notably, Dr. Sperr opined Plaintiff suffered from significant symptoms associated with PTSD, including moderate to severe problems interacting with others and attending, concentrating, and maintaining adequate pace in a competitive job setting.  R. 662. The ALJ's RFC, however, provided Plaintiff could occasionally interact with co-workers and could maintain attention, concentration and pace if allowed three scheduled breaks during the day.  R. 19-20.

When the ALJ presented a series of hypothetical questions to the VE, some of the mental limitations ultimately rejected by the ALJ were identified by the VE as eliminating all competitive employment.  For example, if the hypothetical person's ability to maintain attention, concentration, and pace were restricted to eighty percent, or even down to fifty percent, such that the person would be off task between twenty and fifty percent of the day, all jobs were eliminated.  R. 87.  Similarly, when asked if there were jobs for a person who could have no effective interaction with coworkers, supervisors, or the general public, and would be off-task for approximately twenty to fifty percent of the day, all jobs at the light and sedentary level were eliminated by the VE.  R. 88.

Specific to the VA disability rating, the ALJ acknowledged a total disability rating of seventy percent since at least November 2014, with a ten percent rating specific to an anxiety

8

disorder.[3]  R. 24 (citing R. 371-72).   The ALJ explained the VA rating had been considered but was accorded "only limited weight" because of the differences between the disability adjudication process of the VA and the social security administration.  R. 24.  Nevertheless, the ALJ stated he had accommodated the anxiety disorder rating identified in the VA rating by limiting Plaintiff to unskilled work with limited social interaction.  R. 25.

The updated VA disability rating submitted to the AC, dated August 9, 2018, (R. 32-36), increased Plaintiff's ten percent disability rating specific to his anxiety disorder to seventy percent as of May 29, 2018, prior to the expiration of Plaintiff's insured status requirement on December 31, 2019.  R. 35.  Plaintiff's total VA disability rating increased to ninety percent.  R. 32.  The rating listed the documentation upon which the VA relied, including treatment records through June 2018.  R. 34-38.  The medical records before the ALJ appear to run only through, at the latest, March 2018.  See R. 754-873 (Progress notes dated 10/19/2016 to 3/5/2018).  The new VA rating also specifically listed fourteen categories upon which the increased rating was based, including:  depressed mood, suicidal ideation, disturbances of motivation and mood, difficulty in adapting to work, difficulty in adapting to a work-like setting, anxiety, occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, difficulty in establish and maintaining effective work and social relationships, and forgetting directions.  R. 35.

The Commissioner focuses on the twenty percent increase of the combined disability rating rather than the sixty percent increase specific to Plaintiff's anxiety and recites the

---

[3]For a veteran with multiple service-connected disabilities, the regulations instruct the VA to combine the individual ratings using a "combined ratings table" instead of adding up the percentage of each disability.  See 38 C.F.R. § 4.25 (explaining use of combined ratings table to calculated VA disability rating when multiple disabling conditions present).

9

uncontested proposition the "disability" determination by another agency is not binding on the social security administration.  Comm'r's Br., p. 10.  Indeed, the Eleventh Circuit recently reiterated standards other agencies apply may be different than the social security administration, and although the social security administrative decision must consider the VA disability rating as part of the record evidence, the Commissioner is not required to find a claimant disabled based on a VA disability rating.  Noble v. Comm'r of Soc. Sec., No. 18-13817, 2020 WL 3525540, at *5 (11th Cir. June 30, 2020).  In the context of an ALJ's consideration of a VA disability rating, the Eleventh Circuit requires the Court to examine whether the administrative decision considered the VA determination, and if it did, whether substantial evidence in the record supports the decision to depart from the VA's determination.[4]  Id. at *9.

Here, there is no question the ALJ considered the original VA disability determination, (R. 24-25), and as discussed above, the Court presumes the AC considered the updated VA rating.  However, in the light of the evidence detailed above, specifically the importance of the severity (or non-severity) of Plaintiff's mental impairments in assessing the availability of work for Plaintiff, remand is appropriate.  See Ruiz v. Colvin, No. 3:13-cv-1102-J-JRK, 2014 WL 4809526, at *4 (M.D. Fla. Sept. 26, 2014) (remanding case for consideration of all evidence in light of new evidence submitted to AC casting doubt on ALJ's findings).  The ALJ identified multiple severe mental impairments but determined Plaintiff had only mild limitations in remembering and applying information, as well as with concentration and maintaining pace. R. 17-19.  The ALJ discounted Dr. Sperr's opinions about Plaintiff's limitations in a competitive

---

[4]Although the Social Security Administration amended its regulations to state the ALJ is not required to provide any analysis about another government agency's disability determination, an agency ruling on the regulations in effect at the time of the current administrative decision stated that evidence of a disability rating by another government agency cannot be ignored. Nobles, 2020 WL 3525540, at *5 (citing 2020 version of 20 C.F.R. § 404.1504 and SSR 06-03p).

job setting, (R. 24), some of which relate to the limitations the VE identified as eliminating jobs for Plaintiff. R. 87-88. Although the Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application, the undersigned concludes the AC's denial of review was erroneous and the denial of benefits not supported by substantial evidence.

Because the additional evidence must be considered and weighed against the totality of the record evidence, the Court need not address Plaintiff's remaining contention regarding Plaintiff's ability to reach bilaterally in all directions. See Demenech v. Sec'y of Dep't of Health and Human Servs., 913, F.3d 882, 884 (11th Cir. 1990) (*per curiam*) (declining to address all issues where case due to be remanded on dispositive issue identified and discussed in detail); Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.")

### IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 14th day of July, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA